FILED
2008 Jan-17  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Kerry D. Purifoy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 07-G-0954-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Kerry D. Purifoy, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this

court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. The plaintiff in the present case has been awarded an 80% service connected disability rating by the Veteran's Administration ("VA").[1] This rating was based on numerous medical conditions, including complications related to left knee surgery, right ankle pain, sleep apnea and bilateral carpal tunnel syndrome. (Exhibit 6F)  The ALJ failed to properly consider the plaintiff's VA disability rating in assessing whether the plaintiff met the requirements for Social Security disability benefits. This is evident in the minimal discussion of the VA disability rating in the ALJ's decision:

> While I am mindful that claimant receives Veteran's disability benefits, determinations by other agencies are not binding upon the Social Security Administration. Moreover, the file reflects that the Veteran's Administration awarded a partial, rather than total disability, with 50% compensation coming as a result of sleep apnea.

[R 22]  It is true that the disability finding by the VA is not binding on the Social Security Administration:

---

[1] Although the plaintiff was rated as 80% disabled, actually there were service connected disability ratings listed for 10 separate impairments, which together totaled 120%. [R 539]

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 416.904.  However, that finding must be considered as evidence in determining whether the plaintiff is disabled under the Social Security Act:

> b) What we mean by "evidence." Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim. This includes, but is not limited to:
>
> * * * *
>
> (5) Decisions by any governmental or nongovernmental agency about whether you are disabled or blind....

20 C.F.R. § 416.912.

Under the well settled law of this circuit, an ALJ must ordinarily give great weight to a determination of disability by the VA:

> "Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight." Olson v. Schweiker, 663 F.2d 593 (5th Cir.1981), citing to Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir.1981)

Brady v. Heckler  724 F.2d 914, 921 (11th Cir. 1984); Epps v. Harris  624 F.2d 1267, 1274 (5th Cir. 1980)(VA finding of disability entitled to great weight).  It is clear to the court the ALJ failed to properly consider the finding of disability by the VA in the present case.  The only medical condition mentioned by the ALJ in connection with the VA's disability determination was sleep apnea.  The ALJ did not explain what weight was given to the other

findings by the VA.  Nor did he explain why those findings were not entitled to great weight.  Therefore the case will be remanded for further proceedings.

On remand, the Commissioner shall give proper consideration to the VA's finding that the plaintiff was partially disabled.  If great weight is not given to the VA's findings the Commissioner shall state the reasons why it was not.  The Commissioner shall also consider the combined vocational impact of the plaintiff's various impairments, including any absenteeism resulting from those impairments.  If additional testing or consultative examinations are required to allow an informed decision, they should be ordered.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 17 January 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.